Katherine M. Katchen (Bar # 033041997)
ROBINSON & COLE LLP
One Liberty Place
1650 Market Street, Suite 3030
Philadelphia, PA 19103
*Attorneys for Defendant Cigna Health & Life Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------- x

ABIRA MEDICAL LABORATORIES, LLC d/b/a
GENESIS DIAGNOSTICS,

                       Plaintiff,

            -against-

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, AND ITS AFFILIATES, ABC
COMPANIES 1-100 AND JOHN DOES 1-100,

                     Defendants.

-------------------------------------------------------------------- x

: Case No.

: **<u>NOTICE OF REMOVAL</u>**

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR DISTRICT OF NEW JERSEY:**

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant, Cigna Health and Life Insurance Company ("Cigna"), by and through its attorneys of record, hereby gives notice of removal of this action to the United States District Court for the District of New Jersey, based upon federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367. In support thereof, Defendant states as follows:

**I.  <u>THE STATE COURT ACTION</u>**

1. On or about September 20, 2022, Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis"), initiated this civil action by filing a Complaint in the Superior Court of the State of New Jersey, Bergen County, Law Division, captioned *Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics v. Cigna Health and Life Insurance Company, and*

*its Affiliates, ABC Companies 1-100 and John Does 1-100*, Case No. BER-L-005079-22 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit 1.**

2.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and/or served in the State Court Action are attached hereto as **Exhibit 2**.

3.      Plaintiff has not properly served Cigna with the Complaint under New Jersey law.

4.      Cigna is a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.  The New Jersey Department of Banking and Insurance is authorized to accept initial service of process on all foreign insurers admitted in the State of New Jersey, including Cigna.  https://www.state.nj.us/dobi/servproc.htm; *Advanced Surgery Center v. Connecticut General Life Ins. Co.*, No. 12-2715, 2012 WL 3598815, *4-5 (July 31, 2012), *adopted* 2012 WL 3598799 (Aug. 21, 2012).

5.      The primary method for service of original process in New Jersey is via personal service within the State, including on a corporation's registered agent.  N.J. Ct. R. 4:4-4(a)(6). Thus, Plaintiff was required to effect service on Cigna via personal service on its registered agent, the New Jersey Department of Banking and Insurance.  Plaintiff did not do so.

6.      Rather, Plaintiff mailed a copy of the Complaint by certified mail to Cigna's corporate offices in Connecticut.

7.      However, New Jersey law permits substituted or constructive service only "if it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry, personal service cannot be made in accordance with paragraph (a) of this rule."  N.J. Ct. R. 4:4-4(b)(1).  Among other things, Rule 4:4-5(b) requires that any such affidavit shall "fully specify the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice."

8.      Plaintiff did not submit any affidavit demonstrating that it made diligent (or any) effort and inquiry to serve Cigna via the New Jersey Department of Banking and Insurance.  Under New Jersey law, the filing of an affidavit of inquiry "is not a mere technicality – it is a mandatory jurisdictional requirement." *Advanced Surgery Center*, *supra*, at \*6, *citing Burgos v. International Vacation Club, Ltd*, Docket No. L-1712-09, 2012 WL 787385 (N.J. App. March 13, 2012). *See also Lukasewicz v. Valtris Specialty Chemical Co.*, No. 21-4128, 2021 WL 1997397 (D.N.J. May 17, 2021) (plaintiff failed to effect substituted services over non-resident corporate defendant when he sent process via certified mail without an affidavit of diligent inquire); *Oa Rum Hong v. Egas*, No. 13-3330, 2013 WL 5567566 (D.N.J. Oct. 7, 2013) (denying motion to remand and find service defective where plaintiff attempted to serve United Airlines, a non-resident defendant, outside of New Jersey by delivering a copy of the summons and complaint to an individual in Chicago, without first demonstrating that she conducted a diligent inquiry as to whether United could have been served within New Jersey).

9.      Accordingly, because Cigna's 30-day timeline to remove has not yet been triggered, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

10.     Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, Bergen County.

## II.    **FEDERAL QUESTION JURISDICTION**

11.     This action is properly removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it involves a federal question. *See* 28 U.S.C. § 1331 (providing that district courts shall have original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States"). Under 28 U.S.C. § 1441(a), "any civil action

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12.    Here, this Court has jurisdiction over the State Court Action because Plaintiff purports to assert a claim that Cigna violated the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127, 134 Stat. 178 (March 18, 2020) and the Coronavirus Aid, Relief, and Economic Security Act ("CARES"), Public Law 116-136 (March 27, 2020). *See* Compl., ¶¶ 13-24, 38-43. In particular, Plaintiff alleges that Cigna has "refus[ed] to abide by its payment obligations under the FFCRA and CARES Act." To the extent Plaintiff alleges that the FFRCA and CARES Act imposes obligations on Cigna that it seeks to enforce, Plaintiff's claim also arises under the laws of the United States. 28 U.S.C. § 1331.

13.    Further, the Complaint seeks payment of healthcare expenses payable, if at all, under the terms of one or more employee welfare benefit plans. As such, the Employee Retirement Income Security Act of 1984 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, also completely preempts Plaintiff's state law claims with respect to those plans.

14.    Plaintiff alleges that the FFCRA and CARES Act extend to group health plans that are governed by ERISA. Compl., ¶ 21.  Thus, Plaintiff alleges, "there can be no debate that *federal law* requires Defendants to pay for COVID-19 testing services provided by Plaintiff." Compl., ¶ 23.

15.    Plaintiff alleges that it provided COVID-19 testing services to Cigna's subscribers and/or members and that, "despite numerous and persistent demands and requests," Cigna allegedly "failed and refused to pay, and/or have underpaid, Plaintiff for providing its COVID-19 testing services."  Compl, ¶ 40-41.

16.     In addition to claims for COVID-19 testing, Plaintiff also alleges that Cigna also failed to respond or denied a "myriad of Plaintiff's claims for payment" for other services it rendered to Cigna's members.  Compl, ¶¶ 9-12.

17.     The Complaint does not identify any individual for whom it performed laboratory services, and for which services Cigna allegedly failed or refused to pay. However, Cigna has conducted a preliminary review of claims submitted by Plaintiff since 2017 (the time frame identified in ¶ 9 of the Complaint), and determined that many of such claims submitted by Plaintiff were performed for a participant in, or beneficiary of, an ERISA-governed employee welfare benefit plan.

18.     Therefore, although Plaintiff asserts various state law claims seeking to recover payment for health services allegedly provided to participants in, or beneficiaries of, employee welfare benefit plans, those claims arise exclusively under ERISA, and are completely preempted by ERISA. *See, e.g., Johnson v. First Unum Life Ins. Co.*, 914 F. Supp. 51, n.1 (S.D.N.Y. 1996) ("ERISA preempts state claims involving improper handling of claims for employee benefits and thus provides a sufficient basis for removal.") (internal citations omitted). Such preemption is sufficiently thorough that an action seeking benefits under an ERISA plan is subject to removal even if it purports to assert only state law claims. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) ("[T]his suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, arises under the laws of the United States . . . and is removable to federal court by the defendants.") (internal citations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004).

19.     The district courts of the United States have concurrent original jurisdiction over actions brought to recover benefits under employee welfare benefit plans. 29 U.S.C. § 1132(e);

5

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Removal of such cases to federal court is therefore proper. *See generally, e.g., Taylor*, 481 U.S. 58.

### III.    <u>DIVERSITY JURISDICTION</u>

20.    This matter also if properly removed to this Court pursuant 28 U.S.C. § 1441(b) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. §1332.

21.    Plaintiff alleges that it is a limited liability company organized under the laws of Pennsylvania, with its principal place of business in Langhorne, Pennsylvania. Compl., ¶6.

22.    Cigna Health and Life Insurance Company is a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.

23.    Plaintiff also names unidentified "ABC Companies 1-100 and John Does 1-100" as defendants, and admits that it is "unaware of the true names and capacities" of those defendants. Compl., ¶ 8.  However, for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *Khorozian v. Hudson United Bancorp*, 2007 WL 38697 (D.N.J. 2007) (finding that "John Does 1-100" and "XYZ Corps 1-100" are fictitious defendants that may be disregarded entirely in determining whether diversity jurisdiction exists.)

24.    The Complaint alleges that Cigna "refus[ed] to properly pay Genesis millions of dollars" for services Genesis rendered to Cigna's subscribers (Compl., ¶¶ 1, 4, 10 12, 31, 42), thus satisfying the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a).

25.    Pursuant to 28 U.S.C. § 1441 and 1446, removal of the State Court Action to this Court is appropriate.

## IV.    **<u>SUPPLEMENTAL JURISDICTION</u>**

26.    To the extent Plaintiff has asserted state law claims to recover for health services that ERISA does not completely preempt, the Court may exercise supplemental jurisdiction because those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

27.    Under Section 1367(a), "claims form part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (internal quotations and citation omitted).

28.    Cigna reserves the right to supplement this Notice of Removal.

29.    By filing this Notice of Removal, Cigna does not waive its right to object service, service of process, the sufficiency of process, venue or jurisdiction, and reserves the right to assert any claims, defenses and/or objections to which it may be entitled.

WHEREFORE, Defendants, by counsel, respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey.

Dated: New York, New York
      November 1, 2022

ROBINSON & COLE LLP
By:    /s/ *Katherine M. Katchen*

Katherine M. Katchen (Bar # 033041997)
One Liberty Place
1650 Market Street, Suite 3030
Philadelphia, PA 19103
*Attorneys for Defendant Cigna Health & Life Insurance Company*